**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4497**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

SHAKEAM DYRELL BERNABELA, a/k/a King B,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:13-cr-00263-RJC-DCK-16)

Submitted: January 31, 2017          Decided: February 2, 2017

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Laura E. Beaver, BEAVER LAW FIRM, Raleigh, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shakeam Dyrell Bernabela pled guilty pursuant to a plea agreement to one count each of conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A), (B), 846 (2012), and he was sentenced to 151 months in prison. Bernabela's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), suggesting that Bernabela's plea was unknowing and involuntary and that his sentence is unreasonable, but explaining why those arguments lack merit. Bernabela has not filed a pro se supplemental brief, despite receiving notice of his right to do so, and the Government has declined to file a responsive brief. We affirm.

We reject Bernabela's suggestion that his plea was unknowing and involuntary. The magistrate judge, to whose jurisdiction Bernabela consented, complied with Fed. R. Crim. P. 11 in conducting Bernabela's plea hearing, and we discern no basis for questioning the knowing and voluntary basis for Bernabela's guilty plea. We thus affirm Bernabela's convictions.

Because Bernabela did not object to his career offender status in the district court, we review this issue for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). To be a career offender, Bernabela must have been at least

2

eighteen years old at the time of the instant offense of conviction, the instant offense must be a felony that is a crime of violence or a controlled substance offense, and Bernabela must have at least two prior felony convictions that are either crimes of violence or controlled substance offenses. See U.S. Sentencing Guidelines Manual § 4B1.1. Our review of the record confirms that Bernabela was properly adjudged a career offender based on his prior convictions for controlled substance offenses.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Bernabela's convictions and sentence. This court requires that counsel inform Bernabela, in writing, of the right to petition the Supreme Court of the United States for further review. If Bernabela requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bernabela. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED